# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 99-50167

CLAUDIE O'NEIL, ET AL.,

Plaintiffs,

ANNE BOWMAN; PEGGY BROWN; CYNTHIA
CONALLY; ERMA DAWSON; BETTY FRANKLIN;
SHIRLEY GAWLIK; PATSY GOOLSBY; NANCY
GREEN; NANCY HAMMERMAN; LINDA HANKS;
BELINDA HARRIS; JACKIE LEFTWICH; SANDY
KISER; RETA LOWELL; LANA MCINTOSH;
MARY SANDERS; and PEGGY MOORE,

Plaintiffs - Appellants.

LINDA MCCANLIES,

Intervenor Plaintiff - Appellant,

versus

AT&T CORPORATION,

Defendant - Intervenor Defendant - Appellee.

Appeal from the United States District Court
for the Western District of Texas
(MO-96-CV-128)

January 25, 2000

Before POLITZ, GARWOOD, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Plaintiffs, eighteen individuals terminated from longtime employment with AT&T Corp., appeal an adverse summary judgment in their Title VII lawsuit against their former employer.

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

After being laid off due to a restructuring of AT&T's Odessa office the plaintiffs sued, raising allegations of race and national origin discrimination. In a motion for summary judgment AT&T asserted, in part, that the plaintiffs had failed to state a *prima facie* claim of race or national origin discrimination. The district court granted that motion, concluding that plaintiffs' failure to take a required bilingual test precluded them from recovering under either of their theories. The court reasoned that by not taking the test they did not apply for the position. They therefore could not contend that they were "qualified" for available bilingual operator positions for purposes of their Title VII disparate treatment claims. Nor could they show that they would have retained their employment if AT&T had lowered the testing qualification standard for purposes of their Title VII disparate impact claims, as there could be no disproportionate impact on an individual who did not take the mandated test. On appeal plaintiffs contend that the district court erred in granting summary judgment because it would have been a "futile gesture" for them to take the language proficiency test.

Summary judgment is appropriate when the record discloses that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.[1] We conduct a *de novo* review of a summary judgment, taking the facts in the light most favorable to the non-movant.[2]

In determining whether an individual's failure to apply for a position would be excused under the futile gesture doctrine,[3] we have stated that "[m]aking such a claim usually requires a showing that the applicant . . . was deterred by a known

---

[1]    Fed. R. Civ. P. 56(c); **City of Arlington v. FDIC**, 963 F.2d 79 (5th Cir.), *cert. denied sub nom.*, 506 U.S. 1021 (1992).

[2]  **Horton v. City of Houston**, 179 F.3d 188 (5th Cir.), *cert. denied*, __ U.S. __, 120 S.Ct. 530 (1999).

[3]  **Teamsters v. United States**, 431 U.S. 324 (1977).

and consistently enforced policy of discrimination."[4]  In the case at bar, appellants offered no evidence to show that taking the language proficiency test would have been a futile gesture in light of a known and consistently enforced policy of discrimination at AT&T.  Nor did they offer any evidence that but for the test they would have applied for the bilingual operator positions.  The evidence shows the test to be employment related.  Our review of the record and briefs discloses no reversible error.

The judgment appealed is AFFIRMED.

---

[4] **Shackelford v. Deloitte & Touche, LLP**, 190 F.3d 398, 406 (5th Cir. 1999).  **See also, Teamsters**, 431 U.S. 324 at 363-66 (noting that a consistently enforced discriminatory policy can surely deter job applications from those who are aware of it and are unwilling to subject themselves to the humiliation of explicit and certain rejection).